UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY RICARDO ALFORD,<br><br>Petitioner,<br><br>v.<br><br>PAUL THOMPSON,<br><br>Respondent. | No. 2:21-cv-02293 AC<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner proceeding pro se, filed the instant habeas corpus action pursuant to 28 U.S.C. § 2241 in this judicial district, where he is confined. ECF No. 1. On July 29, 2020, the court ordered respondent to file an answer to the petition or a motion to dismiss within 60 days. ECF No. 5. Respondent filed a motion to dismiss the § 2241 petition on September 28, 2020. ECF No. 8. Petitioner filed an opposition and the time for respondent's reply has expired. ECF No. 9. For the reasons explained below, the undersigned recommends granting respondent's motion to dismiss based on lack of jurisdiction.

I.  Factual and Procedural History

Petitioner was convicted of conspiracy to possess with the intent to distribute cocaine on January 12, 1993 following a jury trial in the Southern District of Florida. ECF No. 5-1 at 9 (docket sheet). The jury acquitted him of the remaining counts of the indictment. ECF No. 5-1 at 9. He was sentenced on May 4, 1993 to life imprisonment. ECF No. 5-1 at 10.

1

Following protracted and multiple appeals by both petitioner and the government, which are not relevant to the pending proceeding, the Eleventh Circuit Court of Appeals ultimately determined that petitioner was not entitled to a new trial and his conviction was affirmed. See United States v. Cerceda, et al., 172 F.3d 806 (11th Cir. 1999) (per curiam); United States v. Alford, 248 F.3d 1183 (11th Cir. 2001). The United States Supreme Court denied the petition for writ of certiorari on October 1, 2001. See Alford v. United States, 534 U.S. 862 (2001).

Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on November 12, 2002. See ECF No. 5-1 at 22 (docket sheet). The trial court denied this motion on June 30, 2003. ECF No. 5-1 at 22. Beginning in 2006, petitioner filed numerous other post-conviction challenges to his sentence in the trial court as well as the Eleventh Circuit Court of Appeals. See ECF No. 501 at 22-32. Most notably, petitioner's motion to reduce his sentence pursuant to The First Step Act of 2018 was denied by trial court on May 7, 2019. See ECF No. 5-1 at 30.

In the present § 2241 application, petitioner argues that he should be permitted to challenge his sentence in this jurisdiction where he is confined because "no penalty phase was adjudicated and no amount of cocaine was charged in the indictment." ECF No. 1 at 3. As a result, petitioner contends that he could only be sentenced to a maximum of 30 years pursuant to 21 U.S.C. § 841(a)(1)(b)(1)(c). ECF No. 1 at 3. Also, in a cursory sentence, petitioner submits that the First Step Act requires him to be resentenced because his sentence is not legal. Id.

II.     Motion to Dismiss

Respondent moves to dismiss on the ground that petitioner's challenges to his sentence cannot be raised in a § 2241 petition because he does not meet any of the "escape hatch" exceptions of 28 U.S.C. § 2255(e). ECF No. 5. Petitioner does not claim that he is actually innocent and he has had numerous unobstructed procedural shots at challenging his sentence on direct appeal, in several § 2255 motions, as well as numerous post-conviction challenges. Simply because the trial court and the Eleventh Circuit Court of Appeals have rejected petitioner's claims on the merits does not mean that he was denied the opportunity to challenge his sentence. Id.

////

1  Therefore, respondent submits that this court lacks jurisdiction over petitioner's claims since
2  petitioner is merely confined here.
3  　　　In his traverse, which the court construes as petitioner's opposition to the motion to
4  dismiss, petitioner submits that he is confined within this court's territory thereby conferring this
5  court with jurisdiction.  ECF No. 7.  Petitioner further argues that it was futile for him to
6  previously challenge the drug amount used to calculate his sentence because he had not yet served
7  the 30 year statutory maximum to which he contends he should have been sentenced.  Id.
8  Regarding the merits of his sentencing challenge, petitioner contends that the sentencing court
9  violated his Fifth Amendment right to due process by sentencing him for conduct for which the
10 jury acquitted him.  Id.
11 　　　III.　　Legal Standards
12 　　　Federal inmates have two avenues for pursuing habeas corpus relief.  First, a challenge to
13 a federal prisoner's conviction or sentence can be raised via a motion to vacate, set aside, or
14 correct the sentence pursuant to 28 U.S.C. § 2255.  Section 2255 motions are filed in the judicial
15 district where the conviction occurred.  Alternatively, a federal inmate challenging the manner,
16 location, or conditions involved in the execution of their sentence, may file a habeas corpus
17 petition pursuant to 28 U.S.C. § 2241.  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir.
18 2000).  Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement.
19 Federal law also provides one exception to these broad categories of post-conviction relief
20 referred to as the "escape hatch."

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

25 28 U.S.C. § 2255(e).
26 　　　This "escape hatch" permits a federal prisoner to "'file a habeas corpus petition pursuant
27 to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or
28 ineffective to test the legality of his dentition.'"  Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.

3

2006) (quoting Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000)). However, courts have applied this exception very narrowly. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). Additionally, petitioner has the burden of demonstrating that his § 2255 remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). In order to qualify for this escape hatch exception, a federal prisoner must not only make a claim of actual innocence, but also demonstrate that they did not have an unobstructed procedural shot at presenting that claim for relief. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006); Harrison v. Ollison, 519 F.3d 952, 959 (2008). Actual innocence is defined as not mere legal insufficiency of the evidence. See Bousley v. United States, 523 U.S. 614, 623 (1998). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. The Ninth Circuit recently held that a federal inmate may proceed with a § 2241 petition if he establishes that he is actually innocent of a non-capital sentence under the then mandatory United States Sentencing Guidelines. Allen v. Ives, 950 F.3d 1184, rehearing en banc denied, 976 F.3d 863 (9th Cir. 2020).

      To determine whether petitioner had an unobstructed procedural shot at presenting a claim for relief, the court considers "whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy v. Pontesso, 328 F.3d at 1060-61)). Moreover, "[a]n intervening court decision must 'effect a material change in the applicable law' to establish unavailability" of a claim on direct appeal or in a prior section 2255 motion. Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting Harrison, 519 F.3d at 960). A subsequent court decision that "provides further clarification" does not materially change the applicable law. Alaimalo, 645 F.3d at 1048. A federal inmate's § 2255 remedy will not be deemed "inadequate or ineffective" merely because the claims presented in it were denied or precluded from being raised in a second or successive motion. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (emphasizing that "[a] remedy is not inadequate or ineffective under section 2255 merely because the

sentencing court denied relief on the merits.'); Moore v. Reno, 15 F.3d 1054 (9th Cir. 1999) (concluding that a prisoner's § 2255 remedy was not inadequate or ineffective because the court of appeal refused to grant his application to file a second or successive motion).

IV.   Analysis

Before this court can address the merits of petitioner's sentencing challenges, it must determine whether it has jurisdiction. The undersigned finds that petitioner has had an unobstructed procedural shot at presenting his challenges to his sentence. Petitioner's § 2255 remedy was not "inadequate or ineffective" to challenge the specific amount of cocaine possessed or the sentencing judge's reliance on conduct for which the jury acquitted petitioner. A review of the sentencing court's docket reveals numerous "unobstructed procedural shots" at challenging his sentence. Petitioner's argument that he had to wait to file his sentencing challenge until after he had served 30 years in prison is nonsensical. The legal basis for petitioner's sentencing challenge was available to him before his direct appeal and first § 2255 motion were adjudicated. To the extent that petitioner relies on the First Step Act to request resentencing, petitioner filed a motion to reduce his sentence on that basis in the Southern District of Florida.   His Section 2255 remedy was not inadequate or ineffective simply because his requests for relief were denied. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Moore v. Reno, 15 F.3d 1054 (9th Cir. 1999). Nor does petitioner argue that the escape hatch exception applies because he is actually innocent. Therefore, petitioner fails to demonstrate that he should be permitted to proceed with this § 2241 petition.

Since petitioner does not qualify for the escape hatch exception, this court does not have jurisdiction over his § 2241 claims challenging his sentence. For all these reasons, the undersigned recommends granting respondent's motion to dismiss and denying petitioner's § 2241 petition based on lack of jurisdiction.

V.   Plain Language Summary for Pro Se Party

Since petitioner is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

5

The court has determined that you do not meet the escape hatch exception to be able to present your sentencing claim in a § 2241 petition in this court. If you disagree with this recommendation you have 14 days to explain why it is not the correct result. Label your explanation as "Objections to Magistrate Judge's Recommendation."

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 5) be granted based on lack of jurisdiction.
2. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 6, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE